The opinion of the Court was delivered by
O’Neall, J.
The prisoner was indicted at the last Court for Lexington District for horse stealing. On being put to the bar for his trial, he claimed the right of a peremptory challenge of the jurors as far as twenty. This claim was overruled *449 by the Court. He was tried and convicted, and now moves this Court for a new trial; first, on the ground that he was entitled to the peremptory challenge as claimed. At common law the prisoner was entitled, in all cases of felony, to a peremptory challenge, as far as thirty-five; by the Statute 22 H. 8, c. 14j § 61, Brev. Dig. 445, Tit. 106, § 8, this is reduced to twenty. The right of peremptory challenge, it is said, in 1 Chit. Or. L. 535, is admitted only in favor of life; and though it may be demanded even in clergyable felonies, it can never be allowed to a defendant accused of a mere misdemeanor. By the Act of 1789, P. L. 486, horse stealing was declared to be a felony, without the benefit of clergy. The last Act (of 1830,) has merely mitigated the punishment; it substitutes whipping instead of death, for the first offence. The second offence is declared to be a felony, without the benefit of clergy. If whipping may be regarded as a substitute for branding in a clergyable felony, it is plain that the prisoner is entitled to the peremptory challenge. But if on conviction, under any circumstances, the prisoner would be liable to the judgment of death, the peremptory challenge must be allowed “in favor of life.” In the indictment it is not necessary that it should appear, whether it is the first or second offence. State vs. Smith, decided at this term. If, upon a verdict of guilty, the solicitor is able to produce the record of a former conviction of the prisoner for horse stealing, he may move for sentence of death, which the Court would be bound to pass. It therefore follows, that for aught‘which appears to the Court from the indictment, the defendant may upon conviction be capitally punished: and in this respect the indictment is like an indictment for grand larceny, and the same analogy must exist in all the subsequent proceedings. In all clergyable felonies the prisoner may demand a peremptory challenge: it is granted to him for two reasons; first, because it was anciently supposed he might not have the benefit of clergy; second, because it might be that he might be ousted of his clergy by a former *450 conviction. This last reason applies to the case before us, and is decisive of the prisoner’s right to a peremptory challenge. Upon the <5ther grounds of the prisoner’s motion; the Court have formed no opinion; as the case must go back for another trial, it was thought best that he should be neither prejudiced nor benefitted by any view which this Court might have taken of the facts of the case. The motion for a new trial, is therefore granted on the first ground, and the prisoner remanded for trial at the next Circuit Court for Lexington District.
JOHNSON, J., concurred.
Harper, J., absent.

Motion granted*